THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICIA JOHNSON, Defendant-Appellant.

First District (3rd Division) No. 1—94—0294

Opinion filed November 22, 1995.

Michael J. Pelletier and Jack Hildebrand, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Peter Fischer, and Kim A. Novi, Assistant State's Attorneys, of counsel), for the People.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Patricia Johnson (defendant) was found guilty by a jury on three counts of first degree murder (720 ILCS 5/9—1 (West 1992)) and two counts of armed robbery (720 ILCS 5/18—2 (West 1992)) and was sentenced to natural life and 30 years, respectively, to be served concurrently. Defendant now appeals.

On appeal, defendant raises issues as to whether: (1) a new trial must be granted where she was entitled to, but did not receive, a hearing on her fitness for trial while under medication; (2) the trial court erred in limiting defense counsel's inquiry into prospective jurors' possible bias, knowing one of the victims was a 10-month-old child; and (3) the trial court erred in allowing the prosecutor to question prospective jurors about the law of accountability. We affirm but remand for a hearing as to the facts surrounding defendant's use of psychotropic medication.

On January 16, 1992, defendant and codefendant Reynaldo Travieso (Travieso) drove to the apartment of Juan and Olga Hernandez to collect money owed Travieso in connection with a drug transaction involving Travieso and Juan Hernandez. Once inside the Hernandez residence, Travieso beat Juan and Olga Hernandez, and the Hernandez' 10-month-old daughter, Evelyn, with a pistol. Travieso then slit the throats of Juan and Olga. All three victims died as a result of Travieso's brutality.

Defendant was complicit in Travieso's actions, having foreknowledge of Travieso's intent, aiding him logistically in the slayings, and robbing the victims of money and jewelry, later "pawning" the jewelry and using some of the money to purchase narcotics. After her arrest, defendant confessed to her involvement in the triple homicide.

■ Defendant contends that her constitutional right to due process was violated where the trial court failed to *sua sponte* order a fitness hearing upon receiving a report from the Psychiatric Institute that defendant was "mentally fit for trial with medication." Recent

precedent of the Illinois Supreme Court has construed section 104—21(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/104—21(a) (West 1992)) as conferring upon defendants, as a matter of entitlement, the right to a mental competency hearing if they are being given psychotropic drugs under medical supervision during the pendency of their prosecution or sentencing. (*People v. Gevas* (1995), 166 Ill. 2d 461; *People v. Brandon* (1994), 162 Ill. 2d 450, 643 N.E.2d 712.) Most recently, the supreme court found that where the relationship between a defendant's use of psychotropic medications and the existence of a *bona fide* doubt of his fitness is not fully developed in the record, the reviewing court must remand for clarification of the circumstances surrounding defendant's use of psychotropic medications. (*People v. Kinkead* (1995), 168 Ill. 2d 394.) In the instant appeal, defendant's psychiatric evaluation indicated only that she was receiving "medication" administered by "the jail or Cermak Hospital." While quite probably medication in this context is of a psychotropic variety, the specific medication or series of medications taken by defendant is unknown. Further unknown is the amount or amounts prescribed, the medical reasons for the prescription, the timing of the medication, and in what way the drug or drugs affected defendant's trial fitness. Accordingly, we remand for the limited purpose of determining the particulars of defendant's use of psychotropic medication pursuant to *Kinkead*'s directive.

■ Defendant next argues that she was improperly precluded from asking prospective jurors if they could "be fair," considering Evelyn Hernandez' infancy. The trial court observed that, hopefully, all people would be troubled by the murder of a 10 month old. However, there is a distinction between a person's visceral reaction to such a crime and his or her ability to sit as a disinterested juror. The responsibility for both initiating and conducting *voir dire* lies with the trial court, and the manner and scope of that examination rest within the trial court's discretion. Abuse of that discretion will be found only if, after review of the entire record, it is determined that the conduct of the trial court thwarted the selection of an impartial jury. (*People v. Williams* (1994), 164 Ill. 2d 1, 645 N.E.2d 844.) Our review of the record does not lend credence to defendant's claim of a biased jury, and we find no error in this instance.

■ Defendant further challenges the *voir dire* in this matter, arguing that the trial court erred in allowing the prosecution to question the first four venire members on the law of accountability. Although *voir dire* questions "shall not directly or indirectly concern matters of law or instructions" (107 Ill. 2d R. 234), it is not error to allow the prosecutor to briefly recite accountability principles and

inquire as to whether potential jurors could follow the law as related to those principles. (*See People v. Davis* (1983), 95 Ill. 2d 1, 447 N.E.2d 353.) Here, as in *Davis*, the prosecutor's inquiry did not improperly concern matters of law or instruction, and we reject defendant's claim of error.

For the foregoing reasons, we remand this matter for further proceedings consistent with this opinion.

Affirmed in part and cause remanded.

RIZZI and CERDA, JJ., concur.